JOHN W. HEFFERMAN v. STEARNS F. SMITH, CIRCUIT JUDGE OF LIVINGSTON COUNTY.

APPEAL FROM JUSTICE'S COURT—ALLOWANCE OF AFTER THE EXPIRATION OF THE STATUTORY FIVE DAYS.

Relator applied for *mandamus* to compel the respondent to vacate an order granting leave to appeal from a justice's judgment after the expiration of five days from the rendition thereof. An order to show cause was granted, a hearing had on petition and answer, and on December 4, 1896, the application was granted.

*Judd Yelland,* for relator, contended:

1. That How. Stat. § 7005, does not give a general discretion to the circuit court to allow an appeal when it would be merely equitable; that such right is only given when a party has been prevented by circumstances beyond his control from taking his appeal within the statutory five days; citing *Draper v. Tooker,* 16 Mich. 74, that the statute has reference to such circumstances as happen and exist after the rendition of judgment, and before the expiration of the succeeding five days; that the statute is fully discussed and this case disposed of in *Combs v. Circuit Judge,* 99 Mich. 234.

2. That there are only two questions raised in this case:

a—Are errors made by the justice before rendition of judgment such "circumstances" as are referred to in the statute.

b—Could plaintiff wait until his attorney could write to a place in California and receive a reply by mail to ascertain whether or not the facts testified to on the trial were true.

3. That if a party can go behind the judgment, and assign errors made by the

justice as a cause for allowing an appeal under the statute, other forms of appeal may as well be abolished; that if the action of the justice in allowing relator to amend his plea by giving notice of novation as a special defense becomes material, it is suggested that said amendment was allowed, as shown by the affidavit of the justice, by the express consent of the plaintiff; that said averment not being denied by the plaintiff on the hearing before the respondent was admitted.

4. That the "circumstances" referred to in the statute are such as sickness existing after judgment and before the expiration of five days thereafter; that the affidavits attached to respondent's return expressly state that plaintiff's wife placed the note sued upon with his attorney, and ordered it sued; that she talked with said attorney immediately after judgment was rendered; that to attempt to communicate by mail with the plaintiff to ascertain his version of the facts upon which the alleged novation was based was not the most expeditious mode of communication; that the allowance of the appeal will tend to broaden the meaning of the statute, and open the door to appeal by litigants at any time, and will tend to detract from the force of the statute requiring such appeal to be taken within five days after judgment is rendered.

*Louis E. Howlett,* for respondent, contended:

1. That at the close of the opinion in *Combs v. Circuit Judge,* 99 Mich. 234, there is an annotation of all the cases decided in this Court under How. Stat. § 7005, as amended by Act No. 73, Laws of 1891; that in each of the cases the facts were different, but the cases are all to the effect that if an appellant has been as expeditious as possible, and has been prevented from taking an appeal within the five days, the appellate court should permit the appeal; citing *Loree v. Reeves,* 2 Mich. 136; *Braastad v. Mining Co.,* 54 Id. 258; *Capwell v. Baxter,* 58 Id. 571; *Merriman v. Circuit Judge,* 96 Id. 603.

2. That the petition for leave to appeal states that the claimed novation proven on the trial on the part of the defendant was false, and that the plaintiff had a good cause of action upon the note sued upon; that in view of all of the facts, and considering that it was impossible for the plaintiff, by reason of the distance of his place of residence, to learn the result of his case, and give directions within the five days, and in view of the fact that he claimed to have a good cause of action on the note, or rather that there is no legal defense to his action thereon, it is submitted that the respondent did not abuse his discretion, nor did he make a wrong application of the statute, as amended, to the facts in this case.

The facts as established by the petition and answer were:

1. That on April 22, 1896, the relator was sued by one Ethan H. Beach in justice's court upon a promissory note; that the plaintiff declared upon said note; that relator pleaded verbally the general issue, with notice of set off and of recoupment; that at the trial of the case, after the plaintiff had introduced the note in evidence and rested his case, the relator undertook to prove a novation; that said evidence being objected to for want of a proper notice, the defendant was permitted to amend his plea by giving such notice; that the trial was then proceeded with, and resulted in a verdict and judgment of no cause of action.

[The relator states in his petition that the plaintiff's attorney consented to such amendment. The respondent in his answer does not admit or deny the truth of this averment, which was supported by the affidavits of the justice of the peace before whom the case was tried, and of the attorney for relator. EDITOR.]

2. That on August 10, 1896, the motion of the plaintiff for leave to appeal from said judgment to the circuit court for the county of Livingston was argued before the respondent; that said motion was made under How. Stat. § 7005, as amended by Act No. 73, Laws of 1891, and was based upon the affidavit of Louis E. Howlett, a copy of which is attached to relator's petition.

[In said affidavit said Howlett averred that he was the attorney for the plaintiff, who was a resident of Los Angeles, California; that plaintiff was not present at the trial of the case, nor was any one present to refute the claim of the defendant that there had been a novation as to said note; that upon the rendition of the judgment, deponent wrote to plaintiff at Los Angeles, California, to ascertain the

truth'or falsity of said claim; that on July 8, 1896, deponent received a letter from plaintiff stating that the claim of a novation was false, and that he desired the case appealed to the circuit court; that at the time deponent received said letter the five days allowed for such appeal had expired; that deponent was as expeditious as possible in getting said information to plaintiff; that it was impossible for deponent to get a communication of the facts aforesaid to plaintiff, and receive an intelligent reply within the five days allowed by the statute for an appeal. EDITOR.]

That upon the hearing of said motion the relator's attorney filed his own affidavit in opposition to said motion, in which it was averred, among other things, upon information and belief, that the plaintiff's attorney was employed in said cause by plaintiff's wife, who during the time the case was being carried on resided near the village of Howell, in the county of Livingston, and was in constant communication with plaintiff's attorney; that it appearing to the respondent that owing to the plaintiff's non-residence it was impossible to communicate to him the result of the trial, and receive an intelligent reply within the five days allowed for appeal, an order was made permitting the appeal set forth in relator's petition.

[The respondent in his answer denied the averment in the petition that plaintiff was not prevented by circumstances not under his control from taking said appeal within the statutory five days, but on the contrary gave it as his opinion that the contrary is the fact within the meaning of the statute cited. EDITOR.]

3. That a motion made by the plaintiff to vacate said order permitting an appeal was denied by the respondent.